UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COREY CUSACK, individually,<br><br>Plaintiff,<br><br>v.<br><br>BENDPAK, INC., a foreign corporation,<br><br>Defendant. | Case No. 4:17-cv-00003-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Bendpak, Inc.'s ("Bendpak") Motion to Dismiss. Dkt. 66. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court DENIES the Motion.

## II. BACKGROUND

On March 15, 2017, the Court held oral argument on numerous pending Motions. Following the hearing, the Court issued a Memorandum Decision and Order. Dkt. 58.

Relevant to the instant Motion to Dismiss are the Court's rulings regarding BendPak's Motion in Limine Re: Subsequent Remedial Measures and Cusack's Motion to Amend Complaint. The Court will briefly discuss each Motion and the Court's prior rulings on the same.

In its Motion in Limine Re: Subsequent Remedial Measures, Bendpak petitioned the Court to preclude all evidence of subsequent remedial measures it made (specifically, BendPak's introduction of a secondary safety bracket) to the RJ-7 Rolling Jacks that are at issue in this case. The Court granted in part and denied in part this Motion based upon Idaho Code section 6-1406 and held that, "[c]onsistent with that statute, Cusack will not be allowed to introduce evidence of BendPak's adding of the secondary safety bracket for purposes of negligence, defect etc., but will be able to introduce it under a 'failure to warn' theory." Dkt. 58, at 9.

In his Motion to Amend Complaint, Cusack requested that he be allowed to (1) add a claim for punitive damages, and (2) remove all Defendants except BendPak from the case caption and from the factual allegations of the Complaint. Ultimately, the Court denied without prejudice the portion of Cusack's Motion seeking to add a claim for punitive damages and granted his request to remove everyone except BendPak from the Complaint. *Id.* at 14-15. Cusack subsequently filed his Amended Complaint. Dkt. 60.

Following the issuance of the Court's Decision—and Cusack filing his Amended Complaint—BendPak filed a Motion to Dismiss (Dkt. 66) arguing that, in light of the Court's prior ruling, the Court must now dismiss certain of Cusack's claims as they fail to state a claim upon which relief could be granted. Additionally, BendPak argues that

MEMORANDUM DECISION AND ORDER - 2

several of the factual assertions in the Amended Complaint must be dismissed as they are contrary the law of the case.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be

several of the factual assertions in the Amended Complaint must be dismissed as they are contrary the law of the case.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be

several of the factual assertions in the Amended Complaint must be dismissed as they are contrary the law of the case.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Cusack's Amended Complaint contains four causes of action: (1) Strict Liability – Design Defect; (2) Strict Liability – Manufacturing Defect; (3) Strict Liability – Failure to Warn; and (4) Negligence.

BendPak alleges that because of the Court's prior Decision (Dkt. 58), Cusack cannot meet the threshold pleading requirements to support any of his claims. Following the filing of the instant motion, Cusack notified the Court the he and BendPak had stipulated that Count Two (Strict Liability – Manufacturing Defect) could be dismissed. Dkt 74. The Court granted the same. Dkt. 80. Although Count Two was a large part of BendPak's Motion to Dismiss, the Court must address the remaining claims as well.

At the outset, the Court notes that BendPak's Motion is extremely untimely. Under the Court's Second Amended Case Management Order (Dkt. 25), the parties were required to file all dispositive motions by December 14, 2017. BendPak's Motion was filed on May 10, 2018, approximately five months late. For its part, BendPak asserts that it could not have filed the Motion any sooner as it is the direct result of the Court's April

MEMORANDUM DECISION AND ORDER - 4

12, 2018, Decision. BendPak explains that because the Court limited the evidence related to the secondary safety bracket, Cusack cannot now support his claims. In other words, BendPak is not accusing Cusack of adding new allegations to his Amended Complaint that it now must address, but rather that Cusack did not remove allegations regarding the remedial measures and that those lingering factual assertions are now contrary to the posture of the case.

Cusack takes issue with BendPak's timing justification and asserts that strictly speaking—regardless of the Court's ruling concerning the secondary safety bracket—because the secondary safety bracket was not mentioned in the original Complaint, the same argument (of an insufficient factual basis) was available since the beginning of this case and BendPak could have timely filed any Motion to Dismiss on this ground.[1]

As for BendPak's "law of the case" argument, it does appear that BendPak could not have asserted this argument until recently. By its very nature, this type of argument focuses on a Court's interlocutory rulings and their status as the current and binding "law of the case."

While the Court is more persuaded by Cusack's argument overall regarding timing, it also understands BendPak's argument—at least in part—as to why certain theories in its Motion could not be brought until recently. Because the Court finds that

---

[1] Of the 12 paragraphs BendPak cites as problematic, only two are new as of the Amended Complaint. The other ten paragraphs are identical to the original Complaint (except for some grammatical alterations). Thus, the Court agrees that BendPak was aware from the beginning of the basis for Cusack's claims—irrespective of a ruling regarding the secondary safety bracket.

MEMORANDUM DECISION AND ORDER - 5

there are other independent reasons for denying the Motion, the Court declines to reach a formal decision regarding the timeliness of BendPak's Motion. In short, the Court will consider the Motion on the merits.

Although timing is a consideration, the Court is more concerned with the substance of BendPak's Motion as it appears to rest on conclusions that are shaky at best.

First, BendPak alleges that Cusack has failed to adequately plead his claims in his Amended Complaint in light of the Court's Decision limiting his use of evidence regarding the secondary safety bracket. This argument is unavailing as it rests upon the false assumption that the secondary safety bracket is the sole evidence Cusack has in support of any of his claims. While the Court's ruling did limit how Cusack can use the evidence of BendPak's introduction of a secondary safety bracket to the RJ-7 Rolling Jacks, it did not exclude this evidence from consideration completely. Additionally, the secondary safety bracket is not the only evidence Cusack raises in support of his claims.[2] Cusack raised independent arguments in his original—and Amended—Complaint that do not hinge on the secondary safety bracket. These factual allegations are sufficient to meet the standards outlined in *Iqbal* and *Twombly*.

Second, it is well settled that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to

---

[2] Examples include Cusack's repeated references in his Complaint to flaws or defects in the BendPak Car Lift System and the rails upon which the RJ-7 Rolling Jack rolls, as well as his claims that BendPak failed to warn customers that the RJ-7 could fall off the rails.

MEMORANDUM DECISION AND ORDER - 6

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly,* 550 U.S. at 555 (quoting *Conley,* 355 U.S. at 470). Here, Cusack has met that relatively low threshold—even considering the Court's ruling that limited Cusack's use of certain pieces of evidence. Particularly in this case—where the instant motion comes after extensive discovery and motion practice—the parties are both well aware of the nature of the claims and the factual basis of those claims.

Finally, BendPak appears to argue that besides Cusack's failure to state a claim for relief—based on a lack of supporting evidence—the law of the case requires that certain phrases and words be removed from the Amended Complaint. The Court will not require Cusack to delete the content in question for two reasons. First, a case changes during the course of litigation. The Court rules on issues, limits the evidence, and dismisses claims, but each time this happens, the Court does not require the plaintiff to amend his or her Complaint to conform with those rulings. It is understood that as "the law of the case" the Court's rulings govern.[3] Factual allegations contained in a complaint that support a claim that a plaintiff is no longer pursuing need not be removed. It is simply understood that they no longer apply. In this case, the situation is even more nuanced because the Court did not dismiss Cusack's evidence outright, but rather limited it to certain theories

---

[3] For example, after the filing of the instant Motion, the parties stipulated to dismissing Count Two of Cusack's Amended Complaint. The Court granted the same. Importantly, however, the Court did not require Cusack to file another amended complaint with those references removed.

specifically, a failure to warn theory. Second, all the rulings thus far have been interlocutory. In other words, circumstances could change at trial depending on the evidence presented.[4] There is no reason to delete material that *could* be important later.

## V. CONCLUSION

First, in his Amended Complaint, Cusack has asserted facts sufficient to support his three remaining claims. The Court's ruling regarding the secondary safety bracket did not limit the other evidence Cusack proffers in support of his claims.

Second, the Court's prior ruling is assuredly the law of the case. Cusack cannot introduce evidence in a manner contrary to the Court's ruling. However, the Court will not require Cusack to alter factual allegations or remove specific words or phrases in his Amended Complaint that now—following discovery, depositions, motions, hearings, and rulings—appear less favorable than originally pled. A short and plain statement is all that is necessary. This case has morphed during litigation to clarify, limit, expand, or extinguish certain aspects of Cusack's claims; however, the Court will not require Cusack to change the actual complaint.

---

[4] In fact, the Court specifically ruled that although it would not allow Cusack to add a claim for punitive damages at this stage of the litigation, he could renew that motion at trial based upon the evidence presented. Dkt. 58, at 14. *See also Murray v. City of Bonners Ferry,* No. 2:15-CV-00081-REB, 2017 WL 4318738, at *18 (D. Idaho Sept. 28, 2017). If the Court allows such a motion at trial, obviously the Court will not require Cusack to file another amended complaint outlining those factual allegations but will rely on the evidence presented at trial.

# VI. ORDER

**The Court HEREBY ORDERS:**

1. Defendant Bendpak's Motion to Dismiss (Dkt. 66) is DENIED.

DATED: August 7, 2018

_____
David C. Nye
U.S. District Court Judge